UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

PATRICIA BOLDEN, et al.,

    Plaintiffs,

-against-                               04 Civ. 6783 (CM)

COUNTY OF SULLIVAN

    Defendant.

————————————————————————x

## MEMORANDUM DECISION AND ORDER DISMISSING CASE

McMahon, J.:

Defendant County of Sullivan has moved to dismiss this action because service of process was not validly effected. There has been no response to the motion.

It appears that service was effected solely by sending three copies of the summons and complaint to Sam Yasgur, the Sullivan County Attorney (Motion, Ex. B).

As counsel for the defendant correctly points out, simply mailing the summons and complaint to the County Attorney does not effect service.

Pursuant to Fed. R. Civ. P. 4(j)(2), service on a municipal corporation or other governmental organization is to be effected either by serving the Chief Executive Officer of the County or by complying with state law for service of process on a municipality.

The Chief Executive Officer of Sullivan County is the County Executive. He has not been served.

Pursuant to state law (CPLR 311) a county can be validly served by serving, inter alia, the County Attorney. However, service must be validly effected pursuant to the New York's rules for service of process, which are set forth in CPLR 308. Nowhere does that statute provide for service by mail. Mailing is authorized only (1) when personal delivery has been made, not on the person authorized by statute to be served, but on a person of suitable age and discretion at the home or office of the person to be served; or (2) when "substituted service" in the form known as "mail and mail" is effected. The affidavit of service of the instant complaint does not reveal that either of those techniques was attempted in this case. Rather, plaintiffs relied solely on the mail. If they were purporting to serve pursuant to the waiver of service provision of Fed. R. Civ. P.

4(d), plaintiffs failed to comply with the provisions of that law, since the mailing attached as Ex. B to the Motion on its face does not meet the standards of the Rule.

The complaint is dismissed. Because the statute of limitations has expired, it is dismissed with prejudice.

The Clerk of the Court is directed to close the file.

Dated: April 29, 2005

_____
U.S.D.J.

BY FAX TO:

    Ambrose Wotorson, Esq.
    Michael Frey, Esq.